IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| KELLY MINTON, | : | Case No. 1:23-cv-00499 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ADAMS CNTY. CT. C.P., *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, originally filed this case in the Adams County Court of Common Pleas, asserting claims against that court itself.[1] (Complaint, Doc. No. 2.) Defendant removed to this Court on the basis of federal-question jurisdiction. (Notice of Removal, Doc. No. 1.) This matter is now before the Court on Plaintiff's Action Contra Defendant's "Answer to Plaintiff's Complaint (ECF)" ("Action Contra," Doc. No. 6), Plaintiff's Notice to the Court (Doc. No. 12), Plaintiff's Motion for Extension of Time (Doc. No. 14), and Plaintiff's Motion to Accept Retyped Formerly Presented Response ("Motion to Accept," Doc. No. 16). The Court addresses each of these matters below.

---

[1] The caption of Plaintiff's Complaint also names United States Attorney General Merrick Garland as a defendant. (Doc. No. 2, PageID 126.) However, the body of Plaintiff's Complaint contains no reference to Mr. Garland, and he has not been served.

1

I.     **PLAINTIFF'S NOTICE TO THE COURT (Doc. No. 12)**

Plaintiff's Complaint listed his address of record as 542 Eckmansville Road, West Union, Ohio 45693. (Doc. No. 2, PageID 126.) However, on August 31, 2023, Defendant notified the Court that Plaintiff was incarcerated at the Noble Correctional Institution ("NCI") in Caldwell, Ohio. (Doc. No. 4, PageID 204.) The Court therefore directed the Clerk to update the docket to reflect NCI as Plaintiff's address of record. (Doc. No. 7.)

On November 27, Plaintiff filed a document captioned "Notice to the Court and Challenge to Doc #4." ("Notice to the Court," Doc. No. 12). In that filing, Plaintiff indicates that the West Union address that he originally provided "is the address of Plaintiff's sister who has Plaintiff[']s Power of Attorney." (*Id.* at PageID 239.) Furthermore, Plaintiff provides the address of his wife, "who also has Plaintiff[']s Power of Attorney." (*Id.*)

> However, as another district court has explained:
>
> There is no Federal Rule of Civil Procedure or Local Rule allowing service of court and other legal documents at an address other than a *pro se* litigant's actual address. . . . [And t]here is no authority for the proposition that a *pro se* litigant may simply request the court to serve him at a different address. . . . Moreover, service at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff receives all court documents, meets court deadlines, and prepares and signs all of his own legal documentation as a party proceeding . . . *pro se*.

*Talamantes v. Merced Cnty. Jail*, No. 1:20-CV-01643, 2021 U.S. Dist. LEXIS 50301, at *2-3 (E.D. Cal. March 17, 2021).

Therefore, the docket will continue to reflect NCI as Plaintiff's address of record. To the extent that Plaintiff's Notice to the Court requests that the Court send future

filings to the address of Plaintiff's wife or sister, that motion is **DENIED**. The Court reiterates that Plaintiff must keep the Court apprised of his address at all times, including following release or any transfers while in custody. (Doc. No. 7, PageID 226.)

Plaintiff's Notice to the Court also states that neither he nor "his representatives" received a copy of the filing (Doc. No. 4) by which Defendant informed the Court of Plaintiff's correct address. (Doc. No. 12, PageID 239.) On this ground, he moves the Court to strike that filing from the record. (*Id*. at PageID 239-40.) However, the striking of material from the record infringes upon the strong interest of the public in maintaining free access to the materials on which judicial decisions are based. *See Newkirk v. Rolf Goffman Martin Lang LLP*, No. 1:19-CV-00085, 2020 WL 13661705, at *1 (S.D. Ohio Sept. 28, 2020) (Barrett, D.J.). For this reason, "motions to strike are generally disfavored and considered drastic remedies that should be sparingly used." *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-CV-00015, 2015 WL 10906068, at *1 (S.D. Ohio March 31, 2015) (Watson, D.J.) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (cleaned up)).

In this case, the filing that Plaintiff seeks to strike merely informs the Court of Plaintiff's own address – of which Plaintiff was presumably already aware. (Doc. No. 4.) The Court therefore finds that any failure to serve that document upon Plaintiff has not prejudiced Plaintiff and that striking the filing in question would serve no benefit to the parties or the public. Accordingly, to the extent that it constitutes a motion to strike, Plaintiff's Notice to the Court (Doc. No. 6) is **DENIED**. However, to address Plaintiff's

concern regarding lack of service, the Clerk of Court is **DIRECTED** to mail a copy of Defendant's Notice to Court (Doc. No. 4) to Plaintiff at his address of record.

## II. PLAINTIFF'S MOTION FOR EXTENSION OF TIME (Doc. No. 14)

On September 28, 2023, Defendant Adams County Court of Common Pleas filed a Motion for Judgment on the Pleadings (Doc. No. 5). Defendant served that Motion upon Plaintiff both at his original address of record and at NCI. (*Id*. at PageID 214.) Plaintiff did not file a response.[2] Therefore, on November 6, 2023, the Court issued the following Order:

> [T]he Court **ORDERS** Plaintiff to show cause in writing, no later than **TWENTY-ONE (21) DAYS** from the date of this Order, why this matter should not be dismissed for failure to prosecute. Plaintiff may comply with the terms of this Order by filing a response to Defendant Adam County Court of Common Pleas' Motion for Judgment on the Pleadings (Doc. No. 5). **PLAINTIFF IS CAUTIONED THAT FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.**

(Doc. No. 10, PageID 235 (emphases in original).)

To date, Plaintiff has not complied with the terms of that Order. However, on November 20, 2023, the Clerk of Court received a letter from Plaintiff indicating that, due to error on the part of NCI staff, Plaintiff never received a legible[3] copy of that Order. (Doc. No. 11 (sealed).) The Clerk sent Plaintiff a new copy of the Order. (*Id*.) On

---

[2] Although Plaintiff has filed an "Action Contra" (Doc. No. 6; Doc. No. 13) and a Motion for Summary Judgment (Doc. No. 8), these documents are not responsive to Defendant's Motion for Judgment on the Pleadings.

[3] Plaintiff's letter is somewhat unclear as to whether he received *any* copy of the Court's Order. Plaintiff states that he "received through regular copied mail a poorly copied [sic] of what appears to be a 'Show Cause Order' issued on 11/6/2023." (Doc. No. 11 (sealed), PageID 237.) He further indicates knowledge of at least *some* of the contents of that Order (*Id*. ("it appears either I or the Defendant must respond by 11/27/2023").) However, Plaintiff also states that "[t]here was no 'Show Cause Order' included [in the mail he received]". (*Id*.)

4

December 7, 2023, Plaintiff filed a Motion for Extension of Time (Doc. No. 14) in which he stated that he did not receive the new copy until November 30 – three days after the deadline for filing a response. (*Id*. at PageID 252).

Plaintiff's Motion is somewhat unclear as to the relief sought. Although captioned as a motion *for extension of time*, the body of that filing does not request any such extension. (*Id*.) Rather, it merely states Plaintiff's belief that "the Order to Show Cause is now a moot issue." (*Id*. at PageID 253 (cleaned up).) Plaintiff is incorrect. Defendant's Motion for Judgment on the Pleadings (Doc. No. 5) remains pending, and Plaintiff still has not filed a response. Therefore, the Court will construe Plaintiff's Motion as in fact seeking additional time to respond to the Court's November 6 Order to Show Cause.

Accordingly, Plaintiff's Motion for Extension of Time (Doc. No. 14) is **GRANTED**. Plaintiff is **ORDERED** to comply with the terms of the Court's November 6 Order to Show Cause (Doc. No. 10) no later than **TWENTY-ONE (21) DAYS FROM THE DATE OF THIS ORDER**.

### III.  PLAINTIFF'S ACTION CONTRA (Doc. No. 6) AND MOTION TO ACCEPT (Doc. No. 16)

On October 4, 2023, Plaintiff filed a document captioned "Action Contra Defendant's 'Answer to Plaintiff's Complaint (ECF)" ("Action Contra," Doc. No. 6). That document is neither a pleading nor a motion as contemplated by Rule 7 of the Federal Rules of Civil Procedure. Construed liberally, it appears to be a substantive response on the merits to Defendant's Answer (Doc. No. 3).

5

In general, no response is permitted to a defendant's answer to a complaint. Fed. R. Civ. P. 7 ("Only these pleadings are allowed . . . "). However, Defendant did not move to strike Plaintiff's filing, and because, as discussed above, the striking of material from the record is generally disfavored, the Court declined to do so *sua sponte*. Accordingly, no action has been taken with respect to Plaintiff's Action Contra.

Plaintiff has now filed a Motion to Accept Retyped Formerly Presented Response ("Motion to Accept," Doc. No. 16). Although somewhat obtuse, that motion appears to indicate Plaintiff's mistaken belief that his Action Contra was never received by the Court. (*Id*. at PageID 263-64 ("It has just been discovered . . . that the Plaintiff's paid[-]for mailing has not been received . . . ")). Based upon this belief, Plaintiff asks the Court to accept an additional copy (Doc. No. 16-1) of his Action Contra. (*Id*. at PageID 264.)

As explained, the Court has already received that filing and does not require an additional copy. Accordingly, Plaintiff's Motion to Accept (Doc. No. 16) is **DENIED**.

### IV. CONCLUSION

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. To the extent that it constitutes a motion to strike or a motion to change Plaintiff's address of record, Plaintiff's Notice to the Court (Doc. No. 12) is **DENIED**.

2. Plaintiff's Motion for Extension of Time (Doc. No. 14) is **GRANTED**. Plaintiff must respond to the Court's November 6 Order to Show Cause within twenty-one (21) days of the date that this Order is filed.

3. Plaintiff's Motion to Accept (Doc. No. 16) is **DENIED**.

4. The Clerk is **DIRECTED** to send copies of the following filings to Plaintiff at his address of record: Defendant's Notice to the Court (Doc. No. 4) and this Court's November 6 Order to Show Cause (Doc. No. 10).

    **IT IS SO ORDERED**.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981)