IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| KELLY MINTON, | : | Case No. 1:23-cv-00499 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ADAMS CNTY. CT. C.P., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, originally filed this case in the Adams County Court of Common Pleas and asserted claims against that court itself.[1] (Complaint, Doc. No. 2.) Defendant removed this matter to this Court on the basis of federal question jurisdiction. (Notice of Removal, Doc. No. 1.) Currently pending before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. No. 5) and Plaintiff's Motion for Summary Judgment (Doc. No. 8).

Upon review, the undersigned Magistrate Judge concludes that this Court lacks subject-matter jurisdiction over this action. Accordingly, for the reasons set forth below, the undersigned recommends that this matter be remanded to the Adams County Court of Common Pleas.

---

[1] The caption of Plaintiff's Complaint also names United States Attorney General Merrick Garland as a defendant. (Doc. No. 2, PageID 126.) However, the body of Plaintiff's Complaint contains no reference to Mr. Garland.

1

I.    **LEGAL STANDARD**

Federal question jurisdiction exists if one or more of plaintiff's claims "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A mere citation to a federal statute or Constitutional provision does not, standing alone, satisfy this test. Instead, a plaintiff must "plead a ***colorable*** claim arising under the Constitution or laws of the United States" to establish federal question jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotations omitted and emphasis added). A claim is not colorable if it "is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

When a defendant removes a complaint from state court to federal court based on federal question jurisdiction, the well-pleaded complaint rule applies. Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This rule allows state-court plaintiffs to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. If a complaint, on its face, does not assert a federal claim, then the federal court lacks federal question jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983).

There are exceptions to the well-pleaded complaint rule. The artful pleading doctrine allows for removal of a complaint that "artfully cast[s] . . . essentially federal[-]law claims as state-law clams." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560

2

(6th Cir. 2007) (en banc) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981)). The complete pre-emption doctrine permits removal "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Mulaski*, 501 F.3d at 560 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). And the substantial-federal-question doctrine applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Mulaski*, 501 F.3d at 560 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). Regardless of which exception applies, the removing party "bear[s] the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996) (citation omitted).

When determining whether a Complaint pleads a colorable federal claim, "a district court takes the allegations in the complaint as true, just as in a Rule 12(b)(6) motion." *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). However, only well-pleaded factual allegations need be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting forth standard for Rule 12(b)(6) motion) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (same)). In addition, a court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Nor must the court accept as true allegations that are "fantastic or delusional." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (setting forth standard for frivolity) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Federal courts must liberally construe a *pro se* complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the complaint must "give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

II.     ANALYSIS OF PLAINTIFF'S COMPLAINT (DOC. NO. 2)

Plaintiff's Complaint consists almost entirely of legal assertions phrased in the abstract and not contextualized by any specific facts. For instance, Plaintiff asserts that "[t]he existence of a contract between the presiding Judge and any other branch of the STATE/FEDERAL government, or any of its agencies, assigns, or instrumentalities, is evidence of a conflict of interest and proof of a dependent and biased judiciary." (Complaint, Doc. No. 2, PageID 144.) Elsewhere, Plaintiff "reminds" the Court of various quotations from assorted courts and statutes. (*Id*. at PageID 143.) He also presents Defendant with several warnings and ultimata, such as "this binding contract is . . . in full force and effect, and you are forewarned not to cause further injury . . . " (*Id*. at PageID 156 (capitalization adjusted).)

However, in a federal complaint, "[f]actual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004). In this case, the

4

undersigned has thoroughly reviewed Plaintiff's Complaint and is unable to identify *any* factual allegations against Defendant. Instead, Plaintiff's thirty-five-page Complaint contains only a few limited *references* to Defendant:

1. "I hereby deny that the following corporations exist; Adams County Common Pleas Court . . . " (Doc. No. 2, PageID 136);

2. "Prosecutor David Kelley[2] complaint fails to allege facts sufficient to show that the Court had subject matter jurisdiction" (*id*. at PageID 137 (sic all));

3. "The Judge Prosecutors; D/B/A:       ; David Kelley ANY/ALL AGENT(s) has the duty to place all fact(s) of jurisdiction upon the record . . ." (*id*. at PageID 138 (sic all));

4. "If the STATES OF Ohio/UNITED STATES OF AMERICA D/B/A: Adams County Common Pleas Court West Union;   ;    David Kelley and/or another party alleges that this common-law constitutional entity is under some statute rule, or regulation . . . please state what jurisdiction the statutory agency you represent has . . . " (*id*. at PageID 142 (sic all));

5. "The Prosecutor herein is given the opportunity to put the facts of jurisdiction on the administrative record, but acquiesced by tacit procuration to the fact that

---

[2] Plaintiff's Complaint names as Defendant "Adams County Common Pleas Court D/B/A: David Kelley [In Private and Personal Capacity]." (Doc. No. 2, PageID 126.) David Kelley is the former Adams County Prosecutor. (Answer, Doc. No. 3, PageID 161.) But a public prosecutor is not an agent of the court in which they appear. In Ohio, as in the federal system, "the prosecutor represents the executive branch of government. The judiciary is an independent branch." State v. Thomas, 2005-Ohio-1596, 2005 Ohio App. LEXIS 1533, at *10 (2d Dist. Ct. App. April 1, 2005) (internal quotation omitted). Therefore, the Adams County Court of Common Pleas cannot "do business as" the Adams County Prosecutor. However, bcause this Court lacks jurisdiction, the undersigned will not attempt to determine whether Plaintiff intends to proceed against the Court of Common Pleas, Mr. Kelley, or both.

5

>
> the constitutional and due process violations alleged by the petitioner did, in fact, occur . . . " (*id.* at PageID 145 (sic all));
>
> 6. "I, Kelly of the family Minton Beneficiary, do hereby appoint the Judge/Prosecutor D/B/A:      ; David Kelley . . . as co-trustees . . . " (*id.* at PageID 150; 153 (sic all)).

These sparse references do not assert a colorable claim under federal law. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). *See also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (court may not "conjure allegations on a litigant's behalf"); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (liberal construction does not require court to "construct full-blown claims from sentence fragments").

Nor does Plaintiff state a colorable federal claim by simply citing federal statutes. (*See* Doc. No. 2, PageID 130, 156.) Most of the cited statutes relate to criminal offenses (which are not cognizable in a civil action), *see, e.g.*, 18 U.S.C. §§ 1002, 1018, 1621, statutory definitions (which do not provide a private right of action), *see* 4 U.S.C. § 110; 8 U.S.C. § 1101; 5 U.S.C. §§ 101-59 & 701-05, or other laws that do not give rise to causes of action, *see, e.g.*, 5 U.S.C. § 556 (procedure at administrative hearings). And without specific factual allegations of wrongdoing by any party, even citations to statutes that do create private causes of action, *e.g.*, 42 U.S.C. § 1986, fail to assert a colorable federal claim. As explained above, "[m]erely citing to [a] statute without making any allegations that would support a claim . . . d[oes] not suffice to vest the [C]ourt with

6

jurisdiction." *Jamison v. Hart Realty*, No. 01-03143, 2001 U.S. App. LEXIS 18054, at *5 (6th Cir. Aug. 6, 2001).

The undersigned notes that, when it removed this case from state court, Defendant asserted that federal question jurisdiction exists because "the Complaint alleges a violation of the FCRA, 15 U.S.C. § 1681, *et seq.*" and "a violation of Plaintiff's Sixth Amendment Right [sic]." (Notice of Removal, Doc. No. 1, PageID 3.) However, Plaintiff's Complaint does not appear to refer to FCRA, and even if it did, it is difficult to imagine how Plaintiff could assert a "***colorable*** claim" against a state court under a law regulating credit reporting. Plaintiff's Complaint also does not cite the Sixth Amendment or contain any factual allegations that, however liberally construed, could be interpreted as asserting claimed violations of Plaintiff's Sixth Amendment rights.

Finally, the undersigned notes that Plaintiff's Complaint is clearly and explicitly based in "sovereign citizen" theory. (*See, e.g.*, Doc. No. 2, PageID 131 (describing Plaintiff as "Sui Juris, Secured Party, NONPERSON, NON-RESIDENT, NON-DEBTOR, NON-CORPERATED, NON-FICTION, NON-SUBJECT, NON-PARTICIANT . . . Sovereign, NON-CITIZEN . . . (sic all) (internal statutory citations omitted)).) Courts across the country have repeatedly and emphatically held that sovereign-citizen claims of this kind "are so completely devoid of merit that they do not give rise to a federal controversy." *Peck v. Dep't of Hous. & Urban Dev.*, No. 2:20-CV-00321, 2020 WL 8461576, at *3 (D. Utah Dec. 17, 2020); *see also, e.g.*, *Thomas v. Cap. One*, No. 23-00216, 2024 WL 477027 (S.D. Ala. Jan. 10, 2024) (recommending dismissal without leave to amend for lack of subject-matter jurisdiction where sovereign-

7

citizen plaintiff's "underlying legal theory in this action, although obscurely pled, is fundamentally frivolous"); *Sipple v. Zevita*, No. 5:23-cv-4038, 2023 WL 4706621 (D. Kan. July 24, 2023) (no subject-matter jurisdiction where sovereign-citizen plaintiffs' claims were "wholly insubstantial and frivolous" and plaintiffs "fail[ed] to tie their constitutional claims and federal statutes to any actions by [the d]efendants"); *Dickinson v. Biden*, No. 1:21-cv-1824, 2022 WL 6763788 (E.D. Cal. Oct. 11, 2022) (no subject-matter jurisdiction because "[t]o the extent [the p]laintiff's allegations are based on any sovereign citizen ideology, courts have uniformly and summarily rejected arguments premised on this ideology has frivolous and meritless"); *Gaskins v. South Carolina*, No. 2:15-CV-02589, 2015 U.S. Dist. LEXIS 144979 (D.S.C. Sept. 15, 2015) (no subject-matter jurisdiction where "complaint [was] difficult to follow and has many hall-marks of, and appears to be premised on, the 'sovereign citizen' theory"). The same is true here.

### IV.  CONCLUSION

In sum, for the foregoing reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** as follows:

1. That this matter be **REMANDED** to the Adams County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c); and

2. That all motions currently pending in this case be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED.**

      */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.
Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).