UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KELLY MINTON,

    Plaintiff,                                       Case No. 1:23-cv-499

        v.                                          Judge Michael R. Barrett

ADAMS CNTY. CT. C.P., et al.,

    Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on April 17, 2024. (Doc. 20). Proper notice was given to the parties under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that they may forfeit rights on appeal if they fail to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Plaintiff, an Ohio inmate who proceeds pro se, (timely) filed an objection. (Doc. 23).

**Summary of the R&R.** As the Magistrate Judge explains, Plaintiff originally filed this civil action in the Adams County, Ohio Court of Common Pleas, asserting claims against that court itself.[1] (Doc. 20 PAGEID 302). Defendant removed the case to the Southern District of Ohio on the basis of federal question[2] jurisdiction. (Id.).[3] Pending for

---

[1] The caption of Plaintiff's Complaint also names United States Attorney General Merrick Garland as a defendant (Doc. 26 PAGEID 126), but the body of the Complaint makes no reference to General Garland.

[2] "The district courts shall have original jurisdiction of all civil actions **arising under** the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).

[3] (Doc. 1).

1

decision is Defendant's Motion for Judgment on the Pleadings (filed pursuant to Fed. R. Civ. P. 12(c)) (Doc. 5), as well as Plaintiff's Motion for "Summary Judgment" in which he asks for default judgment and "immediate[ ] release[ ] from prison for lack of jurisdiction." (Doc. 8 PAGEID 227).

The Magistrate Judge observes that "Plaintiff's Complaint consists almost entirely of legal assertions phrased in the abstract and not contextualized by any specific facts." (Doc. 20 PAGEID 305). Plaintiff *references* Defendant a half a dozen times. But a *reference to* a defendant isn't the same as a *factual allegation against* a defendant, and "in a federal complaint, '[f]actual allegations alone are what matters.'" (Id. (quoting *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004)).[4] Ergo the Magistrate Judge concludes that Plaintiff's "sparse references" to Defendant in the Complaint fail to assert "a colorable claim under federal law." (Id. PAGEID 307). "Nor does Plaintiff state a colorable federal claim by simply citing federal statutes." (Id.). Again, factual allegations are a must.

With respect to Defendant's Notice of Removal—

> The undersigned notes that, when it removed this case from state court, Defendant asserted that federal question jurisdiction exists because "the Complaint alleges a violation of the FCRA, 15 U.S.C. § 1681, *et seq.*" and "a violation of Plaintiff's Sixth Amendment Right [sic]." (Notice of Removal, Doc. No. 1, PageID 3.) However, Plaintiff's Complaint does not appear to refer to FCRA, and even if it did, it is difficult to imagine how Plaintiff could assert a "***colorable*** claim" against a state court under a law regulating credit reporting. Plaintiff's Complaint also does not cite the Sixth Amendment or contain any factual allegations that, however liberally construed, could be interpreted as asserting claimed violations of Plaintiff's Sixth Amendment rights.

---

[4] "The Federal Rules of Civil Procedure simply do not require any magic words or recitations to be made in a complaint: 'The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters.' *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988). The court's duty is to look to the facts and grant the necessary relief as justice requires—not to demand that certain citations or phrases are used." *Knapp*, 93 F. App'x at 720.

2

(Doc. 20 PAGEID 308 (emphasis in original)). Finally, the Magistrate Judge notes that "Plaintiff's Complaint is clearly and explicitly based in 'sovereign citizen' theory[,]" and "[c]ourts across the country have repeatedly and emphatically held that . . . claims of this kind 'are so completely devoid of merit that they do not give rise to a federal controversy.'" (Id. (quoting *Peck v. Dep't of Hous. & Urban Dev.*, No. 2:20-cv-00321-RJS-CMR, 2020 WL 8461576, at *3 (D. Utah Dec. 17, 2020) & otherwise collecting cases)). To her thinking, "[t]he same is true here." (Id. PAGEID 309).

**Standard.** When objections to a magistrate judge's report and recommendation are received on a dispositive[5] matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**Analysis of Plaintiff's Objection.** Plaintiff (only) takes issue with the Magistrate Judge's citation to "the Federal Courts' ongoing opposition and denial of sovereign citizenship." (Doc. 23 PAGEID 316).[6] Plaintiff "stands squarely upon his sovereign citizenship." (Id.).

Plaintiff's objection is curious in that he (originally) filed his Complaint in state court,

---

[5] "Remand motions 'are dispositive' and can only be granted by a District Judge." *Wells v. Bombardier Recreational Products, Inc.*, No. 6:23-CV-165-REW-HAI, 2023 WL 10675145, at Caption n.1 (E.D. Ky. Nov. 13, 2023) (quoting *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2021)). "Motions for remand 'fall into the category of motions for which a Magistrate Judge must issue a report and recommendation.'" *Id.* (quoting *Miller v. Hurst*, No. 3:17-CV-791, 2018 WL 950088, at *2 n.3 (M.D. Tenn. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1256652 (M.D. Tenn. Mar. 12, 2018)).

[6] "If the U.S. Government, the State of Ohio and its counties recognize sovereign citizenship how can the Federal Courts consider it 'sovereign citizen theory'." (Id.).

3

only to have Defendant (thereafter) remove it to federal court.  This non sequitur aside, Plaintiff's "objection" is nothing more than a mere disagreement with the Magistrate Judge's reasoning and, as such, will be disregarded.  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of a plaintiff's obligation to make specific objections to an R&R); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").  And, besides, the Magistrate Judge is absolutely correct that "sovereign citizen" arguments are consistently rejected as frivolous and a "waste" of court resources.  *Primero v. Barum*, No. 3:24-cv-200-BJB, 2024 WL 1543782, at *2 (W.D. Ky. Apr. 9, 2024) (collecting cases).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  Because—as the Magistrate Judge recognized—no factual allegations within Plaintiff's Complaint support a colorable claim that "aris[es] under" a federal statute or the United States Constitution, this Court lacks subject-matter jurisdiction of this civil action.  Plaintiff's objection (Doc. 23) to the contrary is hereby **OVERRULED**.

**Conclusion.**  The R&R (Doc. 20) of the Magistrate Judge is hereby **ACCEPTED** and **ADOPTED** regarding (1) the determination that this Court lacks subject-matter jurisdiction to proceed; and (2) the consequent recommendation to remand**.**  Thus,

4

pursuant to 28 U.S.C. § 1447(c)[7], the Court **ORDERS** the Clerk to **REMAND** this civil action to the Adams County (Ohio) Court of Common Pleas.  The Clerk shall thereafter terminate (from this Court's docket) any motions currently pending.

    **IT IS SO ORDERED.**

                                                  /s/ *Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court

---

[7] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded."  28 U.S.C. § 1447(c) (emphasis added).